1  Michael J. Gearin, WSBA # 20982
   David C. Neu, WSBA #33143
2  Brian T. Peterson, WSBA #42088
   K&L GATES LLP
3  925 Fourth Avenue, Suite 2900
   Seattle, WA 98104-1158
4  (206) 623-7580

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

NORTHWEST TERRITORIAL MINT, LLC,

        Debtor.

Case No. 16-11767-CMA

---

BRITTANY KONKEL, on behalf of herself and all others similarly situated,

        Plaintiff,

v.

NORTHWEST TERRITORIAL MINT, LLC;

        Defendant.

Adv. Pro. No. 18-01010-CMA

**TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

## ANSWER

Mark Calvert, as Chapter 11 Trustee ("Trustee") for Defendant Northwest Territorial Mint, LLC ("Debtor" or "NWTM") by and through counsel of record, K&L Gates LLP, for his answer and affirmative defenses to the Class Action Adversary Proceeding Complaint (the "Complaint"), admits, denies and alleges as follows.

Under Fed. R. Civ. P. 8, incorporated by Bankruptcy Rule 7008, the Trustee generally denies each and every allegation of the Complaint not expressly admitted. The Trustee also expressly denies some allegations without affecting its general denial of other allegations. The Trustee does

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION ADVERSARY PROCEEDING COMPLAINT - 1
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 1 of 9

not, and is not required to, respond to statements in the Complaint that are legal arguments or proposed conclusions of law. If an answer to any such allegation is required, Trustee denies each such allegation that is not expressly admitted. To the extent that the Trustee incorporates Plaintiff's headings in this Answer, Trustee does so for organizational purposes only and does not admit any of the allegations contained in Plaintiff's headings.

In addition to the above general responses, Trustee offers the following responses to the specific allegations set forth in each numbered paragraph of Plaintiff's Complaint.

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, the Trustee states that the allegations in this Paragraph call for a legal conclusion for which no answer is required.

2. Answering Paragraph 2 of the Complaint, Trustee admits that this is a core proceeding pursuant to 28 U.S.C. § 157(b).

## NATURE OF THE ACTION

3. Answering Paragraph 3 of the Complaint, the Trustee states that the Complaint speaks for itself. Trustee admits that Plaintiff's employment status was terminated by the Debtor in connection with the closing of the Debtor's business operations in Dayton, Nevada. Trustee denies that Defendant violated the WARN Act. Trustee further denies that Plaintiff and other employees of the Defendant, whether similarly situated or not, are entitled to recover from the Defendant.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Trustee admits the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Trustee admits the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Trustee admits the allegations contained therein.

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION ADVERSARY PROCEEDING
COMPLAINT - 2
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 2 of 9

7.      Answering Paragraph 7 of the Complaint, Trustee admits the allegations contained therein.

8.      Answering Paragraph 8 of the Complaint, Trustee admits the allegations contained therein.

9.      Answering Paragraph 9 of the Complaint, Trustee admits that Plaintiff was an employee of the Debtor at its Dayton facility until such time as her employment status was terminated. Trustee admits that other employees also worked at the Debtor's Dayton facility.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

10.     Answering Paragraph 10 of the Complaint, Trustee admits that Plaintiff and certain other employees of the Debtor were discharged on or about December 29, 2017. The remaining allegations contained in this Paragraph call for a legal conclusion for which no answer is required.

11.     Answering Paragraph 11 of the Complaint, the allegations contained therein speak for themselves.

12.     Answering Paragraph 12 of the Complaint, Trustee admits that Plaintiff's employment status was terminated on December 29, 2017. The remaining allegations contained in this Paragraph call for a legal conclusion for which no response is required.

13.     Answering Paragraph 13 of the Complaint, Trustee admits that the Debtor did not provide 60 days' advance written notice of termination to employees working at the Dayton facility on December 29, 2017, but denies that failure to provide such notice violated the WARN Act.

14.     Answering Paragraph 14 of the Complaint, Trustee denies that 114 other employees at the Debtor's Dayton facility were discharged on or about December 29, 2017.

15.     Answering Paragraph 15 of the Complaint, Trustee is without sufficient information to admit or deny the allegations contained therein and therefore denies the same.

16.     Answering Paragraph 16 of the Complaint, Trustee states that the allegations call for a legal conclusion for which no response is required.

17.     Answering Paragraph 17 of the Complaint, Trustee states that other employees, in addition to Plaintiff, were terminated on or about December 29, 2017.

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION ADVERSARY PROCEEDING
COMPLAINT - 3
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 3 of 9

18. Answering Paragraph 18 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

19. Answering Paragraph 19 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

20. Answering Paragraph 20 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

21. Answering Paragraph 21 of the Complaint, Trustee admits that Defendant did not pay employees, who were terminated on December 29, 2017, wages and benefits for sixty calendar days following their terminations. Trustee denies that he was obligated to do so.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

22. Answering Paragraph 22 of the Complaint, Trustee states that the allegations contained therein speak for themselves.

23. Answering Paragraph 23 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

24. Answering Paragraph 24 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

25. Answering Paragraph 25 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

26. Answering Paragraph 26 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

27. Answering Paragraph 27 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

28. Answering Paragraph 28 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

29. Answering Paragraph 29 of the Complaint, Trustee is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION ADVERSARY PROCEEDING
COMPLAINT - 4
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 4 of 9

30. Answering Paragraph 30 of the Complaint, Trustee denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

32. Answering Paragraph 32 of the Complaint, Trustee states that the allegations contained therein call for a legal conclusion for which no response is required.

33. Answering Paragraph 33 of the Complaint, Trustee is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

34. Answering Paragraph 34 of the Complaint, Trustee admits the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Trustee denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, Trustee admits that the identities of employees whose employment status was terminated on or about December 29, 2017, are contained in the books and records of Defendant and/or Trustee.

37. Answering Paragraph 37 of the Complaint, Trustee is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

38. Answering Paragraph 38 of the Complaint, Trustee admits that the amount of wages and benefits of the Debtor's employees as of December 29, 2017 are reflected in the Debtor's records.

39. Answering Paragraph 39 of the Complaint, Trustee denies the allegations contained therein.

## THE CLAIM FOR RELIEF

40. Answering Paragraph 40 of the Complaint, Trustee denies that Defendant employed 100 or more employees (exclusive of part-time employees) 60 days prior to December 29, 2017.

41. Answering Paragraph 41 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION ADVERSARY PROCEEDING
COMPLAINT - 5
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 5 of 9

42. Answering Paragraph 42 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

43. Answering Paragraph 43 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

44. Answering Paragraph 44 of the Complaint, Trustee admits that Plaintiff and other employees were discharged. The Trustee denies the remaining allegations contained in Paragraph 44.

45. Answering Paragraph 45 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

46. Answering Paragraph 46 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

47. Answering Paragraph 47 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

48. Answering Paragraph 48 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

49. Answering Paragraph 49 of the Complaint, Trustee admits that employees terminated on December 29, 2017, did not receive wages and benefits for the 60 days after termination, but denies that the terminated employees were entitled to such wages and benefits.

50. Answering Paragraph 50 of the Complaint, Trustee denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, the allegations contained therein call for a legal conclusion for which no response is required.

52. Trustee denies each and every allegation that is not expressly admitted herein.

**PRAYER FOR RELIEF**

A. Answering Paragraph A of the Complaint, the Trustee denies that Plaintiff is entitled to any relief.

B. Answering Paragraph B of the Complaint, the Trustee denies that Plaintiff is entitled to any relief.

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION ADVERSARY PROCEEDING
COMPLAINT - 6
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 6 of 9

C. Answering Paragraph C of the Complaint, the Trustee denies that Plaintiff is entitled to any relief.

D. Answering Paragraph D of the Complaint, the Trustee denies that Plaintiff is entitled to any relief.

E. Answering Paragraph E of the Complaint, the Trustee denies that Plaintiff is entitled to any relief.

F. Answering Paragraph F of the Complaint, the Trustee denies that Plaintiff is entitled to any relief.

## TRUSTEE'S AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's Complaint, and without assuming Plaintiff's burden of proof on any issue, the Trustee raises the following defenses and affirmative defenses to Plaintiff's claims:

1. The Complaint fails to state a claim in whole or in part upon which relief can be granted.

2. Plaintiff and the putative class were paid in full and in compliance with the law.

3. Trustee is not an "employer" subject to the provisions of the WARN Act, 29 U.S.C. § 2101 *et. seq*.

4. Plaintiff's claims are barred in whole or in part by the "faltering company" exception to the WARN Act. *See* 29 U.S.C. § 2102(b)(1).

5. Plaintiff's claims are barred in whole or in part by the "unforeseeable business circumstances" exception to the WARN Act. *See* 29 U.S.C. § 2102(b)(2).

6. At all relevant times, Trustee acted lawfully, and in good faith, without intent to deny Plaintiff or the putative class any rights pursuant to state or federal law, including the WARN Act, and without malice or reckless indifference to Plaintiff's or the putative class's protected rights, if any.

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CLASS ACTION ADVERSARY PROCEEDING
COMPLAINT - 7
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 7 of 9

7. This lawsuit should be dismissed because it is procedurally improper. To the extent that the Plaintiff and the putative class have claims against the estate, they should file a proof of claim with the Court.

8. To the extent that Plaintiff or the putative class are entitled to recover any amount from the Debtor's estate, then the Debtor's estate is entitled to set off and/or recoupment of all amounts actually paid to them, all amounts advanced or paid to them in excess of that to which they were legally entitled, all amounts paid to them as premium rates that are not calculated as part of their regular rates, all time that they reported or claimed as work time that they did not in fact work, all amounts or time to which they were not entitled under relevant wage statutes, and all other amounts or time that they took to which they were not entitled, if any.

9. Plaintiff's claims, or any one of them, are barred to the extent that any payments are made to their or for their benefit pursuant to 11 U.S.C. § 507(a) or any other Order of this Court.

10. No award of attorneys' fees to Plaintiff could be appropriate or reasonable because no amount is owed to Plaintiff, Trustee has agreed to pay appropriate wages legal due, Plaintiff has failed to identify the amounts sought or allegedly due, and Plaintiff has failed to exhaust available contractual and administrative remedies.

11. Plaintiff's claims are barred by estoppel, waiver, laches, and the doctrine of unclean hands.

12. Plaintiff has failed to adequately and reasonably mitigate its damages, if any.

13. The Trustee reserves the right to assert additional affirmative defenses pending further discovery.

DATED this 2nd day of March, 2018.

K&L GATES LLP

By: */s/Michael J. Gearin*
   Michael J. Gearin, WSBA # 20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088

Attorneys for Mark Calvert, Chapter 11 Trustee

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION ADVERSARY PROCEEDING COMPLAINT - 8
501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 8 of 9

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Paralegal in the law firm of K&L Gates LLP, and on March 2, 2018, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 2nd day of March, 2018 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION ADVERSARY PROCEEDING COMPLAINT - 9

501068827 v7

K&L GATES LLP
925 FOURTH AVE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 18-01010-CMA    Doc 13    Filed 03/02/18    Ent. 03/02/18 17:11:55    Pg. 9 of 9